IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-330-D

MARGARET PATRICIA JAKUBIAK,                )
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )         **ORDER**
                                            )
OFFICE OF INSPECTOR GENERAL, and            )
FEDERAL BUREAU OF INVESTIGATION,            )
                                            )
                    Defendant.              )

Margaret Patricia Jakubiak ("Jakubiak" or "plaintiff") filed this action pro se and filed a motion for leave to proceed in forma pauperis. See [D.E. 1, 2]. As explained below, the court grants Jakubiak's motion to proceed in forma pauperis, conducts frivolity review pursuant to 28 U.S.C. § 1915, and dismisses Jakubiak's complaint.

Jakubiak's complaint states:

> Harassment, stalking, life threatening incidences. I feel afraid for my life and my spouse. Things have gone to far. My spouse has a FELA lawsuit pending against Metro North Railroad and I understand why they are watching. However, there is another group who I do not know their identity who have been harassing us and following me and my spouse.... Last night one of them confronted my husband in the hallway of our apartment complex when we were walking the dog and I feared for our lives.
> My first husband [M.T.L.] was killed at the Connecticut Lottery Corporation of 3/6/1998 25 years ago and this stalking scares me that we will be hurt very violently.
> The FBI and OIG has let this situation get way out of hand and it needs to stop.
> Residents at out apartment complex have told us that they are afraid of these people and why are they still watching us, why are the here!
> I want this stalking and harassment to end immediately!
> I want to be compensated for the physical, verbal and mental anguish that I have suffered.

> I am afraid to leave my home. At night I am scared they will come through the door.
> I am unable to enjoy whatever time I left in this life due to my heart failure illness.
> I want to be compensated for 7 million dollars.
> Don' keep making me check behind my shoulder all the time.

See Compl. [D.E. 1] 2–3.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Jakubiak's complaint fails to establish that this court has subject-matter jurisdiction and fails to state a claim. In sum, the court GRANTS plaintiff's motion to proceed in forma pauperis [D.E. 2] and DISMISSES WITHOUT PREJUDICE plaintiff's complaint [D.E. 1]. The clerk shall close the case.

SO ORDERED. This 28 day of March, 2023.

*J_Dever*
JAMES C. DEVER III
United States District Judge